UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM SHRUM, parent and next
friend of T.J.S., a minor,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

CASE NO. 10-13795

HON. MARIANNE O. BATTANI

**OPINION AND ORDER SUSTAINING PLAINTIFF'S OBJECTIONS,
REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR REMAND**

Plaintiff Kim Shrum, on behalf of her minor child T.J.S., filed Objections (Doc. 23) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 22) issued in her action against Defendant Commissioner challenging the denial of supplemental security income benefits for T.J.S. In the R&R, the Magistrate Judge recommended that the Court deny Plaintiff's Motion for Summary Judgment or Remand (Doc. 17) and grant Defendant's Motion for Summary Judgment (Doc. 20). For the reasons that follow, the Court **SUSTAINS** Plaintiff's objections, **REJECTS** the disposition set forth in the R&R, **DENIES** Defendant's motion, and **GRANTS** Plaintiff's motion.

**I. STATEMENT OF FACTS**

As the parties have not objected to the R&R's recitation of the procedural history or the administrative record, the Court adopts that portion of the R&R as if fully set forth herein. See (Doc. 22 at 1-2, 8-11).

## II.   STANDARD OF REVIEW

### A.   Objections to a Magistrate Judge's Report and Recommendation

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### B.   Commissioner's Disability Determination

Judicial review of the Commissioner's disability decision is limited to determining whether the findings are supported by substantial evidence and whether the Commissioner employed proper legal standards in reaching his conclusion. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009). Consequently, the standard of review is deferential and allows considerable latitude to administrative decisionmakers because it presupposes there is a "zone of choice" within which the decisionmakers can go either

way, without interference by the courts. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc).

When determining whether substantial evidence supports the Commissioner's decision, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight." Id. When the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). The court may look at any evidence in the administrative record, even if it has not been cited by the ALJ. Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir.1989). There is no requirement, however, that the reviewing court discuss every piece of evidence in the record. Kornecky v. Comm'r of Soc. Sec., 167 F.App'x. 496, 508 (6th Cir. 2006). Moreover, the court may not conduct a de novo review of the evidence, determine credibility, or weigh the evidence. Brainard, 889 F.2d at 681. The court's role is limited to a search for substantial evidence, that which is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).

### III.  ANALYSIS

Plaintiff objects to the R&R on two main grounds:  (1) The Magistrate Judge erred in concluding that substantial evidence supported the ALJ's findings at step three of the childhood disability analysis and (2) the Magistrate Judge erred by failing to address Plaintiff's credibility arguments. (Doc. 23). Before addressing each objection in

3

detail, the Court reviews the ALJ's decision within the context of the childhood disability framework.

### A.     The ALJ's Disability Decision

A person under the age of eighteen shall be considered disabled for the purposes of Social Security disability benefits if the individual "has a medically determinable physical or mental impairment which results in marked and severe functional limitations."  42 U.S.C. § 1382c(a)(3)(C)(i).  In evaluating whether a child is disabled, the ALJ is to consider, in sequence, whether the child claimant is (1) "doing substantial gainful activity"; (2) has a "severe" impairment, and if so (3) has an impairment, or combination of impairments, that either "meets," "medically equals," or "functionally equals" the listings.  20 C.F.R. § 416.924(a).

At step one in this case, the ALJ found T.J.S. was not engaged in substantial gainful activity.  (A.R. at 12).  At step two, the ALJ found that T.J.S.'s impairments, attention deficit hyperactivity disorder, learning disabilities in the areas of reading, writing and arithmetic, migraine headaches, bipolar disorder, and asthma, were "severe" within the meaning of the regulations.  Id.  At step three, the ALJ found that the claimant's established impairments do not "meet," "medically equal," or "functionally equal" the listings, and thus, concluded that Plaintiff was not disabled.  Id.

Since Plaintiff's objections specifically focus on the "functionally equals" component of the ALJ's step three analysis, the Court reviews this portion of the ALJ's decision in further detail.  At the "functionally equals" part of step three, an ALJ utilizes six domains of functioning to assist in determining whether the claimant's severe impairments "functionally equals" the listings: (1) acquiring and using information; (2)

4

attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) ability to care for himself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

To obtain disability benefits at the "functionally equals" stage, the claimant's impairments must result in "marked" limitations in any two of the six domains or demonstrate "extreme" limitations in any one domain. 20 C.F.R. § 416.926a(d); see Kelly v. Commissioner, 314 F. App'x 827, 832 (6th Cir. 2009). A "marked" limitation "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). "'Marked' limitation also means a limitation that is 'more than moderate' but 'less than extreme.' It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." Id.; see Kelly, 314 F. App'x at 832. An "extreme" limitation is the rating given to the "worst limitations." 20 C.F.R. § 416.926a(e)(3)(i). An "extreme" limitation "interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." Id. "It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean." Id.; see Kelly, 314 F. App'x at 832.

In this case, after considering each of the domains listed in 20 C.F.R. § 416.926a, and corresponding examples cited therein, the ALJ concluded that T.J.S. has less than a marked limitation in acquiring and using information (A.R. at 15), has a marked limitation in attending and completing tasks (Id. at 15-16), has less than a marked limitation in interacting and relating with others (Id. at 16-17), has no limitation in

moving about and manipulating objects (Id. at 17), has no limitation in the ability to care for himself (Id. at 18), and has no limitation in health and physical well-being. (Id. at 18.).

In finding that T.J.S. has less than a marked limitation in acquiring and using information, the ALJ explained, in total:

> The claimant's teacher assessed no limitations in acquiring and using information. However, Dr. [Lehman] opined a marked limitation in this area, but it appears that this is attenuated by his medication. The claimant has some learning disorders reading, writing, and arithmetic. However, special education services have been recommended. Therefore, the undersigned concludes that the claimant has a less than marked limitation in this domain of functioning.

(Id. at 15) (internal citations omitted).

### B.     Plaintiff's Objections

#### 1.     The ALJ's Step Three Findings Are Not Supported By Substantial Evidence

Plaintiff attacks the Magistrate Judge's analysis of the ALJ's step three findings on a variety of fronts. (Doc. 22 at 1-6). The Court need only address one; it agrees with Plaintiff that a remand is warranted because the ALJ failed to provide good reasons for rejecting the opinion of Dr. Lehman, T.J.S.'s treating psychiatrist. (Id. at 4-6). Although the ALJ acknowledged Dr. Lehman opined that T.J.S. has a marked limitation in the acquiring and using information domain, he discredited the treating doctor's opinion by claiming "it appears" that T.J.S.'s limitations in this domain are "attenuated" by medication. (A.R. at 15). In finding this determination supported by substantial evidence, the Magistrate Judge stated, "Dr. Lehman of New Passages concluded that T.J.S has a marked limitation in the ability to acquire and use information. However, I can find no other evidence of record supporting this finding. Instead, all other evidence of record supports the opposite conclusion." (Doc. 22 at 13) (internal citations omitted).

6

The Court rejects the Magistrate Judge's conclusion and finds that the ALJ failed to comply with the treating physician doctrine in dismissing Dr. Lehman's opinion.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition.  See Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  An ALJ must, therefore, "give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'"  Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)) (alteration in original); see also SSR 96–2p.

If the ALJ determines that the treating source's opinion is not entitled to controlling weight, the opinion is still entitled to substantial deference proportionate with "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source."  20 C.F.R. § 404.1527(d)(2), 416.927; SSR 96–2p; Simpson v. Comm'r of Soc. Sec., 344 F. App'x 181, 192 (6th Cir. 2009). The ALJ is not required to explain how he considered each of these factors, but must nonetheless give "good reasons" for rejecting or discounting a treating physician's opinion.  Francis v. Comm'r of Soc. Sec., 414 F. App'x 802, 804 (6th Cir. 2011). These "good reasons" must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Wilson, 378 F.3d at 545 (6th Cir. 2004) (quoting SSR 96–

7

2p). Failure to give "good reasons" requires remand, even if the ALJ's decision is otherwise supported by substantial evidence, unless the error is de minimis. Id. at 544, 547.

Here, the ALJ explained that he was discounting Dr. Leman's opinion because "it appears" that some unidentified medication "attenuates" T.J.S.'s limitations in the acquiring and using information domain. (A.R. at 15). The record indicates that T.J.S.'s asthma and migraine headaches are somewhat controlled by medication. (Id. at 34, 36, 141-153). The record does not, however, contain substantial evidence to support the ALJ's conclusion that medications "attenuate" T.J.S.'s inability to acquire and use information. The ALJ does not cite any portion of the record in support of this medical judgment. He also fails to identify which of T.J.S.'s multiple medications positively affect his functional ability in this domain. An ALJ simply does not possess the requisite expertise to issue a controlling medical judgment, nor can an ALJ substitute his opinion for that of the claimant's treating doctor. See Winning v. Comm'r of Soc. Sec., 661 F.Supp.2d 807, 826 (N.D. Ohio 2009) (citations omitted).

Furthermore, the Court notes the record contains evidence contrary to the ALJ's conclusion: Plaintiff testified that T.J.S.'s medications for emotional and psychological impairments are ineffective at managing his symptoms. (Id. at 37-38). Relatedly, the Court agrees with Plaintiff's suggestion that the functional impairments in this domain are not those that are relieved by medication, but by therapy and special education tailored to develop better cognitive skills. See 20 C.F.R. § 416.926a(g)(3). In sum, the Court finds that the ALJ failed to set forth good reasons for rejecting Dr. Lehman's opinion, and thus, a remand is appropriate so that the ALJ can revisit his determination.

### 2. Plaintiff's Credibility Argument

Plaintiff also objects to the R&R because the Magistrate Judge did not review her argument that the ALJ made a result-oriented credibility finding by simply stating that Plaintiff's testimony was not credible to the extent it conflicted with the ALJ's opinion regarding T.J.S.'s ability to acquire and use information. (Doc. 22 at 6). The Court agrees that the Magistrate Judge did not directly confront this issue and will consider it now.

An ALJ's "findings based on the credibility of the applicant are to be accorded great weight and deference." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997). These findings must be supported by substantial evidence. Id. A claimant's credibility may be discounted if an ALJ "finds contradictions among the medical reports, claimant's testimony, and other evidence." Id. An ALJ is not permitted to make credibility determinations based solely upon an "intangible or intuitive notion about an individual's credibility." Rogers, 486 F.3d at 247 (citing SSR 96–7p)

SSR 96–7p states that the ALJ's decision must contain specific reasons for the credibility determination and "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Mere "blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." Rogers, 486 F.3d at 248. Moreover, a credibility assessment "must be based on a consideration of all of the evidence in the case record." SSR 96–7p.

In this case, the ALJ failed to set forth sufficiently specific reasons as to why he found Plaintiff's testimony concerning T.J.S.'s ability to acquire and use information not credible. "In determining the credibility of an individual's statements, it is not sufficient for the ALJ to make a single, conclusory statement that the individual's allegations have been considered or that the allegations are or are not credible." Calhoun v. Comm'r of Soc. Sec., 338 F.Supp.2d 765, 773 n.3 (E.D. Mich. 2004) (citing SSR 96-7p). The ALJ summarily rejected Plaintiff's testimony concerning T.J.S.'s functional limitations by stating:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the statements concerning the intensity, persistence and limiting effects of the claimant's symptoms are not credible to the extent they are inconsistent with finding that the claimant does not have an impairment or combination of impairments that functionally equals the listings for the reasons explained below.

(A.R. at 13). The ALJ's decision contains no further discussion of Plaintiff's testimony regarding T.J.S. abilities in acquiring and using information. Plaintiff indicated T.J.S. has trouble with spelling and pronouncing words, a need to repeat tasks without learning how to do them, and has learning disabilities in multiple areas. (Id. at 68, 80-82). Plaintiff also testified about T.J.S.'s problems in school and described her efforts to have him placed into a special education program. (Id. at 30).

The ALJ does not point to any evidence in the record to support his conclusion that Plaintiff was not credible in connection with this domain. Notably, the only other mention of Plaintiff's testimony is found in the ALJ's analysis of the health and physical well-being domain. (Id. at 18-19)  There, he fully credited Plaintiff's testimony that T.J.S.'s medications were controlling his functional ability in that domain, a conclusion

10

not disputed in this case. Thus, while the ALJ sufficiently explained why he was crediting Plaintiff's testimony in one domain, he failed to give reasons for rejecting it in another. This inconsistency shows that the ALJ did not follow the command of SSR 96-7p. Therefore, the Court concludes that substantial evidence does not support the ALJ's credibility assessment and remands this matter for further proceedings.

### C. The ALJ's Decision Must Be Remanded for Further Proceedings

The Court finds that substantial evidence does not support the ALJ's decision because: (1) there is insufficient information in the record to explain the ALJ's rejection of the treating psychiatrist's opinion and (2) the record does not support the ALJ's conclusions regarding Plaintiff's credibility. "If a court determines that substantial evidence does not support the [Commissioner's] decision, the court can reverse and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Faucher v. Sec'y of Health and Human Servs., 17 F.3d 171, 176 (6th Cir. 1994). A claimant is not clearly entitled to benefits unless "the proof of disability is overwhelming or . . . the proof of disability is strong and evidence to the contrary is lacking." Id. In other words, "if there is evidence contrary to a finding of disability, "proof of disability is unlikely to be overwhelming and cannot be considered strong." Winning, 661 F.Supp.2d at 826 (internal quotations marks and citation omitted).

Here, there is conflicting evidence as to whether T.J.S. is disabled. As the Magistrate Judge noted, the evidence from Powers, New Passages Services, Czarnecki, Dr. Boneff, and T.J.S.'s eighth grade teacher, supports a finding that T.J.S. has a less than marked limitation in acquiring and using information. (Doc. 22 at 13-14).

This evidence shows that all essential factual issues have not been resolved and thus, an immediate award of benefits is improper. Therefore, the Court remands the matter for further fact finding by the ALJ.

### IV. CONCLUSION

For the reasons stated above, the Court **SUSTAINS** Plaintiff's Objections (Doc. 23), **REJECTS** the disposition set forth in the Magistrate Judge's Report and Recommendation (Doc. 22), **DENIES** Defendant's Motion for Summary Judgment (Doc. 20), and **GRANTS** Plaintiff's Motion for Summary Judgment or Remand (Doc. 17).

Accordingly, **IT IS HEREBY ORDERED** that this matter be **REMANDED** for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: November 30, 2011

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon all counsel of record via the Court's ECF System.

s/Bernadette M. Thebolt
Case Manager