UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM SHRUM o/b/o TJS, a minor child,

          CASE NO. 10-cv-13795

 *Plaintiff*,

*v*.         DISTRICT JUDGE MARIANNE BATTANI
          MAGISTRATE JUDGE CHARLES BINDER

COMMISSIONER OF
SOCIAL SECURITY,

 *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION SEEKING AN ATTORNEY FEE PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT
(Doc. 26)

**I. RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion Seeking an Attorney Fee Pursuant to the Equal Access to Justice Act be **DENIED.**

**II. REPORT**

 **A. Introduction**

Pursuant to an order of reference from United States District Judge Marianne Battani under 28 U.S.C. § 636(b)(1)(A),[1] pending is Plaintiff's Motion Seeking an Attorney Fee Pursuant to the Equal Access to Justice Act (hereafter "EAJA"), 28 U.S.C. § 2412.

---

[1] A magistrate judge may not hear and determine a post-judgment motion for fees under 28 U.S.C. § 636(b)(1)(A), because it is not a "pretrial matter," and it is considered "dispositive of a claim." Therefore, I must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

Attorney Frederick J. Daley has represented Plaintiff throughout the pendency of this case. Plaintiff's counsel filed the case in September of 2010, seeking judicial review of a decision by the Defendant Commissioner denying Plaintiff's claim for benefits. The case was referred to this magistrate judge for a Report and Recommendation. (Doc 5.) On June 13, 2011, a Report and Recommendation issued, suggesting the grant of the Commissioner's motion for summary judgment and the denial of Plaintiff's motion for summary judgment. (Doc. 22.) This recommendation was rejected in an order entered November 30, 2011. (Doc. 24.) A judgment and order of remand under Sentence Four of 42 U.S.C. §405(g) issued the same day. (Doc. 25.) The instant motion was filed February 27, 2012. (Doc. 26.) The motion papers indicate that Plaintiff seeks a total of $6,352.20 in attorney fees. The Defendant Commissioner filed a response in opposition to the motion. (Doc. 28.)

**B.     EAJA Requirements**

Three conditions must be met in order to recover attorney fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there must be no special circumstances which would warrant a denial of fees. *Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

With regard to the first condition, the Supreme Court has held that a party who obtains a Sentence Four remand is a prevailing party eligible for a judgment awarding costs and attorney fees and expenses under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993). Accordingly, since Plaintiff in this case obtained a Sentence Four remand, I suggest that this condition is met.

The second and third conditions stem from the EAJA's provision that a litigant may not recover attorney fees from the United States if the government's position was substantially justified. The statute reads in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The government bears the burden of demonstrating substantial justification. *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir. 1999). The government's "position" comprehends both its underlying action and its litigation position. 28 U.S.C. §§ 2412(d)(1)(A), (d)(2)(D). *See also Delta Eng'g v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). The government's failure to win its suit raises no presumption that its position was not substantially justified. *United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991).

In *Pierce v. Underwood,* 487 U.S. 552, 563, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988), the Supreme Court took pains to define "substantial justification." The Court rejected the demanding interpretation "justified to a high degree," and approved formulations such as "[existence of] a genuine dispute," "if reasonable people could differ as to [the appropriateness of the contested action]," "justified to a degree that could satisfy a reasonable person," and "reasonable basis both in law and fact." *Id.* at 565. The Court specifically rejected as nonauthoritative legislative history a suggestion that "the test must be more than mere reasonableness." *Id.* at 566 (quoting H.R. REP. NO. 99-120, at 9 (1985), *reprinted in* 1985 U.S.C.C.A.N. 132, 138).

3

Under these standards, the failure of the government to entirely prevail in this case does not in and of itself constitute a lack of substantial justification for its position. *See United States v. Yoffe*, 775 F.2d 447 (1st Cir. 1985). Indeed, "congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . .'" *Scarborough v. Principi,* 541 U.S. 401, 124 S. Ct. 1856, 1866, 158 L. Ed. 2d 674 (2004) (quoting *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003)). Nor does the finding by a district court that the position of the Commissioner in denying benefits was not supported by substantial evidence automatically require the court to conclude that the Commissioner's position was not "substantially justified" for the purposes of attorney fee awards under the EAJA. *See Hull v. Bowen*, 748 F. Supp. 514 (N.D. Ohio 1990).

In determining a prevailing claimant's entitlement to EAJA fees, the clarity of existing law is an important factor in determining whether the position of the Commissioner was substantially justified. *Spruil v. Bowen*, 691 F. Supp. 302 (M.D. Fla. 1988). On the other hand, where the evidence is equivocal or highly disputed, the Commissioner's position is more likely to be substantially justified within the meaning of the EAJA. *Gowen v. Bowen*, 855 F.2d 613 (8th Cir. 1988); *Andrews v. Bowen*, 848 F.2d 98 (7th Cir. 1988). The failure of the Commissioner to follow the requirements of applicable regulations renders the Commissioner's position not substantially justified and entitles Plaintiff's counsel to an EAJA attorney fee award. *Hudson v. Sec'y of Health & Human Servs.*, 839 F.2d 1453 (11th Cir. 1988). Similarly, the failure of the Commissioner to follow clearly established circuit court precedent renders the Commissioner's position not substantially justified. *Fraction v. Bowen*, 859 F.2d 574 (8th Cir. 1988).

After comparing and contrasting evidence from a number of sources, including TJS's treating psychiatrist, TJS's eighth grade teacher and other treating phychologists, Judge Battani found with little hesitation that in this record "there is conflicting evidence as to whether TJS is disabled[]" and that "all the essential factual issues have not been resolved. . . ." (Doc. 24 at 11-12.) This finding, I suggest, seriously undercuts the Plaintiff's argument that the Commissioner's position was not substantially justified within the meaning of the EAJA. In addition, neither I nor Judge Battani found that the Commissioner violated any applicable regulations or clearly established circuit precedent in the process leading to the original decision denying benefits. Instead, I suggest that the under the standards and case law summarized above, the evidence in this record was equivocal and disputed, and that reasonable people could differ as to its proper interpretation. As a result, I suggest that the Commissioner's position, while not prevailing, was nonetheless substantially justified withing the meaning of the EAJA.

I therefore suggest that the Plaintiff's motion for EAJA fees be denied.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d

947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                          s/ Charles E Binder
                                              CHARLES E. BINDER
Dated: September 14, 2012            United States Magistrate Judge

**CERTIFICATION**

    I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Frederick Daley, Stuart Johnson and Andrew Lievense; and served on District Judge Battani in the traditional manner.

Date:  September 14, 2012         By    s/*Jean L. Broucek*
                                                     Case Manager to Magistrate Judge Binder