UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM SHRUM parent and next
friend of T.J.S., a minor,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

CASE NO. 10-13795

HON. MARIANNE O. BATTANI

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES

This matter is before the Court on Plaintiff Kim Shrum's Objections to the Magistrate Judge's Report and Recommendation ("R&R") regarding her application for attorney's fees under the Equal Access to Justice Act. See 28 U.S.C. § 2412. (Doc. 30). Shrum filed the present lawsuit for disability benefits on behalf of her minor child. The Magistrate Judge recommended denying Plaintiff's request for $6,352.20 in attorney's fees because the Commissioner's position, although unsuccessful, was nonetheless substantially justified. (Doc. 29). Plaintiff argues the position of the Commissioner in denying benefits to her minor child was not substantially justified, citing public policy reasons in support. (Doc. 30). For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's R&R, **OVERRULES** Plaintiff's Objections, and **DENIES** Plaintiff's Application for Attorney's Fees.

**I.     STATEMENT OF FACTS**

As the parties have not objected to the R&R's recitation of the procedural history or the administrative record, the Court adopts that portion of the R&R as if fully set forth herein.  See (Docs. 22, 30).

**II.    STANDARD OF REVIEW**

**A.     Objections to Magistrate Judge's Report and Recommendation**

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1).  The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

**B.     EAJA Attorney's Fees**

The Equal Access to Justice Act ("EAJA") reads in relevant part:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

To recover attorney fees under EAJA, the claimant must prevail, the government's position must not be substantially justified, there must be no special circumstances that make an award unjust, and the application must be submitted to the court within 30 days of final judgment. Comm'r, I.N.S. v. Jean, 496 U.S. 154, 158 (1990). A defendant's position is substantially justified if it has a "reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988). This means that it is "justified to a degree that could satisfy a reasonable person." Id. The government bears the burden of establishing that its position was substantially justified. E.W. Grobbel Sons, Inc. v. N.L.R.B., 176 F.3d 875, 878 (6th Cir. 1999).

If the government's position is unsupported by substantial evidence, it may not be substantially justified. Weber v. Weinberger, 651 F.Supp. 1379, 1387 (W.D. Mich. 1987). However, the fact that a court finds an agency decision to be unsupported by substantial evidence does not "foreclose the possibility that the position was substantially justified." Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir. 2004). The "substantially justified standard" does not raise a presumption against the government's position just because it loses the case. Id. However, when the ALJ is found to have selectively considered the evidence in denying benefits, the government's position to defend the ALJ is without substantial justification. Id.

### III.  ANALYSIS

The Magistrate Judge's R&R recommended denying attorney's fees under the EAJA because there was conflicting evidence regarding Plaintiff's disability. (Doc. 29 at 5). He also noted the Commissioner did not violate any clearly established circuit

precedent or applicable regulations, and that "reasonable people could differ as to" the "equivocal and disputed" administrative record. (Id.)

Plaintiff objected to the R&R, arguing the Commissioner violated "long-standing Social Security ruling and regulations." (Doc. 30 at 2). Plaintiff also argues the ALJ's failure to state reasons for his decision and weight of certain evidence renders the position not substantially justified. Public policy reasons are also cited.

The only issue is whether the position of the Commissioner in defending the ALJ's denial of benefits was substantially justified for purposes of awarding fees under the EAJA. However, the fact that the Commissioner did not prevail in the case does not require a finding that its position lacked substantial justification. See Scarborough v. Principi, 541 U.S. 401, 415 (2004). Although the Commissioner did not prevail in the case, there is no evidence that his position was unreasonable.

Administrative Law Judge ("ALJ") Blum found Plaintiff had severe impairments, including "attention deficit hyperactivity disorder, learning disability, migraine headaches, bipolar disorder, and asthma." (A.R. 12). However, he concluded the "intensity, persistence, and limiting effects of the claimant's syndromes" fell short of meeting the "marked" or "extreme" medical listings of disability. (A.R. 13). The Court, in its Opinion rejecting the Magistrate Judge's R&R (Doc. 24), noted the ALJ did not provide "good reasons" for discrediting the opinion of Plaintiff's treating physician, Dr. Pearlman, or for discrediting Plaintiff's testimony. Although this resulted in remand, it does not foreclose the fact that the Commissioner's position was substantially justified. The ALJ confronted conflicting evidence regarding Plaintiff's disability. The differing opinions of Dr. Pearlman and Plaintiff's eighth grade teacher reasonably led the ALJ to

question the severity of Plaintiff's disability.  Furthermore, neurological examinations were reported as normal, and Plaintiff received medication for the migraines and bipolar disorder, and his asthma was under control.  (A.R. 13-14).  Plaintiff's mother testified that the medications fairly controlled Plaintiff's symptoms without side effects.  (A.R. 14). The determination regarding whether Plaintiff's limitations met the standards in the listings was a matter of degree.  After the ALJ weighed the evidence, he determined the severity of the limitations were insufficient to meet the threshold for benefits.

The Court finds the Commissioner had substantial justification for defending the ALJ's decision.  The Commissioner has satisfied its burden in demonstrating its position was reasonable both in law and fact.  Although Plaintiff contends the ALJ violated clearly established regulations, there is no exact quantitative amount of reasoning the ALJ must provide and it is open to interpretation by courts.  The Court previously found conflicting evidence regarding the disability, and declined to immediately award benefits to Plaintiff.  Based on this statement of the Court alone, it was reasonable for the Commissioner to defend the decision of the ALJ even though a procedural error resulted in remand for further fact finding.  Such a narrow margin for error would have required the Commissioner to abandon its case when legitimate questions of fact regarding Plaintiff's disability remained.  Contrary to the public policy arguments articulated in Plaintiff's objections, such a result is impracticable.

## IV.   CONCLUSION

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **OVERRULES** Plaintiff's Objections, and **DENIES** Plaintiff's Application for Attorney's Fees.

**IT IS SO ORDERED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: November 2, 2012

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record via the Court's ECF Filing System.

s/Bernadette M. Thebolt
Case Manager